UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                              :

HUGO LOPEZ, et al.,                      :

                          :

                Plaintiffs,       :           24-CV-01237 (JAV)

                          :

        -v-                  :             ORDER

                          :

CARIB, INC., et al.,               :

                          :

                Defendants.     :

                          :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

By Order dated December 2, 2025, counsel for the Defendant in this matter, Tomas Espinosa, Esq., was suspended from the rolls of practicing attorneys before the United States District Court for the Southern District of New York, effective 24 days from the date of that Order. A copy of that Order is attached.

On January 20, 2026, the Court received, by mail, the attached letter from Mr. Espinosa dated January 15, 2026 ("Ltr"). Mr. Espinosa requested that this Court accept his withdrawal from the above-captioned case in light of his suspension by the First Department, Appellate Division, of the New York Supreme Court. Mr. Espinosa stated that he was unaware of his suspension in New York. Furthermore, he appears currently unaware of his suspension from this Court. *See* Ltr ("[N]or have I received an order of suspension for reciprocity from the U.S. District Court for the Southern District of New York despite my notice to this court as required by the New Jersey Rules within the time commanded by the Supreme Court of New Jersey.").

On January 29, 2026, the Court received, by mail, the second attached letter from Individual Defendant Abbas Taghavitalab, who is the principal and only shareholder of the

Corporate Defendant, Carib, Inc. (collectively "Defendants"), dated January 16, 2025 [sic].

Defendants provided their "consent to the withdrawal and removal of [their] current attorney of

record from representation in this case Tomas Espinosa."

Additionally, on February 2, 2026, this Court received a letter motion from Plaintiffs,

requesting that the conference currently scheduled on Plaintiffs' motion to compel be converted

to a telephone conference, in light of Mr. Espinosa's suspension.  ECF No. 72.  Plaintiffs also

seek to renew their motion for default judgment.  *Id.*

It is hereby ORDERED that, in light of Mr. Espinosa's suspension from this Court, the

motion to withdraw as counsel is GRANTED.

Plaintiffs Abbas Taghavitalab and Carib Inc. have until **March 3, 2026**, to retain counsel.

Defendant Carib Inc. must obtain representation through a licensed attorney to appear in

this case because it, as an entity, cannot proceed *pro* se and must appear through counsel. *See*

*Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). If new counsel fails to appear on behalf

of Defendant Carib Inc. by **March 3, 2026**, or an extension of time to seek counsel is not

granted, the Court may grant default judgment against Defendant Carib Inc.  *See, e.g.*, *Grace v.*

*Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006).

If Taghavitalab wishes to continue pursuing this case without counsel, he must file a

Notice of Pro Se Appearance with the Court by **March 3, 2026**.  If Taghavitalab (either

personally or through new counsel) fails to appear by that date, or an extension of time to seek

counsel is not granted, the Court may grant default judgment against him.

Taghavitalab can find a downloadable version of the notice of pro se appearance on the

Court's webpage at: https://nysd.uscourts.gov/node/826.  Taghavitalab may file a notice of pro se

appearance by email, regular mail, or in person.  If Taghavitalab wishes to file by email, it

should be sent to ProSe@nysd.uscourts.gov.  The notice of pro se appearance must be attached to the email in PDF format and be no larger than 15 megabytes.  The subject line of the email must include the case name and docket number.

Taghavitalab can file by regular mail by mailing a paper copy of the notice of pro se appearance to the Court at the following address: Pro Se Intake Unit, 500 Pearl Street, Room 205, New York, NY 10007.  The notice of pro se appearance can also be filed in person by bringing a paper copy to the Court at the Pro Se Intake Unit's office at Room 205 at the following address: 500 Pearl Street, New York, NY 10007.  If he has any questions regarding filing a notice of pro se appearance, contact the Pro Se Intake Unit, 212-805-0175. He may also visit the Pro Se Intake Unit's webpage at: https://www.nysd.uscourts.gov/prose.

**All parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/hon-jeannette-vargas.**

*Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

*Pro se* parties are encouraged to consent to electronic service via ECF as it would ensure that the *pro se* party would receive documents in its case promptly by email instead of by regular mail.  The consent form, along with instructions on how to fill it out, can be found at https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.  Unless and until a *pro se* party consents to receive electronic service, however, counsel are required to serve that *pro se* party with copies of documents filed with the Court and to file affidavits of such service with the Court thereafter.

If Taghavitalab does not consent to electronic service via ECF, he may submit filings as

PDFs by email Pro_Se_Filing@nysd.uscourts.gov.  For pro se parties who are unable to use email may, they can submit documents by regular mail to the Daniel Patrick Moynihan Courthouse, Pro Se Intake Unit, 500 Pearl St., Room 205, New York, NY 10007, or in person at the drop box located at the U.S. Courthouse at 500 Pearl Street.  In either case, however, there may be delays before such filings are received and/or docketed.

No later than **February 5, 2026,** Mr. Espinosa shall serve a copy of this Order on Defendants Carib, Inc. and Abbas Taghavitalab and file proof of such service on the docket no later than two days following service.

The conference scheduled for February 4, 2026, is adjourned *sine dia*.  The parties shall submit a joint status letter to the Court by **March 10, 2026**, setting for their positions as to how to proceed in this matter.  The Clerk of Court is directed to terminate ECF No. 72.

SO ORDERED.

Dated: February 3, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

# TOMAS ESPINOSA, ESQ.

224 WEST 35TH STREET, SUITE 506
NEW YORK, N.Y. 10001
TEL: (212) 564-4800 / CELL: (201) 543-4792
**EMAIL:** TE@EspinosaNYlaw.Com

RECEIVED
JAN 2 0 2026
JEANNETTE A. VARGAS
U.S. DISTRICT JUDGE
S.D.N.Y.

**January 15th, 2026**

Hon. Judge Jeannette A. Vargas, U.S.D.C.J.
United State District Court for The Southern District OF New York
40 Foley Square
New York, NY 10007

**Re: Lopez et al v. Carib Inc. Et al**
**Case No.: 1:24-cv-1237- (JAV) - Withdrawal With Consent Of Defendants**

Dear Judge Vargas:

This letter is to request that you accept my withdrawal from the above-referred case that I am making with the consent of the defendants.

The reason for this withdrawal is that I accepted the case under my belief that a reciprocity order by the First Department of the New York Appellate Division had not been granted in New York from an order entered by the Supreme Court of New Jersey suspending me from the practice of law for three years.

This was because the supreme court of NJ had entered an order suspending me from the practice of law in the state of NJ for three (3) years starting in August 21st 2024, and upon my notification to the attorney ethics of NY, the NY attorney ethics made a motion before the First Department, Appellate Division court seeking to enforce reciprocity that I opposed but I was unaware that in May 20, 2025 the said Appellate court of NY decided the motion and had entered the reciprocity order suspending me for three years.

The reason why I was unaware of this order of reciprocity suspension was because I never received electronically or otherwise the decision on the motion and copy of the order.

I came to learn it now in January 2026 because I was alerted by an attorney friend that saw the order when he was looking for cases in Justia an internet publication. Neither the ethics committee nor the court sent me the said order and if it had not been by the grace of my attorney friend, I would not have known that the motion was decided and the order entered.

I am asking your Honor to accept my withdrawal of the case without having to make a motion, and I am asking also that your decision to vacate the order of default judgment

against the defendants in the present case be maintained as if they had made the application represented by attorney

If your Honor may ask why I did not go and made inquiries, it is for two reasons:

1 – I expected that the order would be sent to me electronically by the Appellate Court, and

2 – I expected that if not by the Court, then by the New York Attorneys Ethics that made the motion. In addition, there has been other application for reciprocity in other courts that to my knowledge are still pending, for example an application generated by the United States District Court for the District of New Jersey for reciprocity that I have opposed and no order has been sent to me electronically or otherwise. I believe that no decision has been made yet about that order to show cause.

I would have never dare to appear before you knowing that I was suspended in New York State and nor have I received an order of suspension for reciprocity from the U.S. District Court for the Southern District of New York despite my notice to the this court as required by the New Jersey Rules within the time commanded by the Supreme Court of New Jersey. I have not accepted any other case than the one before you that I would never have done, if I had known of the reciprocal suspension order. I ask for your forbearance to accept my withdrawals and to give time to the defendants to obtain new counsel and for you to carry to other dates the motion and responses as well as the schedule of the conference as previously established in your last prior order

I am hereby attaching the order that was published in Justia and a copy of your scheduling order for the court to carry its provisions after the defendants obtain new Counsel.

Respectfully yours,

**_/s/ Tomas Espinosa,_**

Tomas Espinosa, Esq. (Suspended in New York State)

## CERTIFICATION OF SERVICE

I certify that I have served plaintiffs' attorney via email to the email address stated herein below.


Giustino Cilenti, Esq.
Cilenti & Cooper, PLLC
60 East 42nd St. Ste 40th Floor
New York, NY 10165
JCilenti@jcpclaw.com


**/s/ Tomas Espinosa**

Tomas Espinosa Esq., (suspended in New York State)



# Matter of Espinosa

**Matter of Espinosa**

2025 NY Slip Op 03017

Decided on May 20, 2025

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025 SUPREME COURT, APPELLATE DIVISION First Judicial Department
Motion No. 2024-06355 Case No. 2024-07717 In the Matter of Tomas Espinosa an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department Petitioner
Tomas Espinosa (OCA Atty. Reg. No. 2060358)
Respondent.

Motion No. 2024-06355|Case No. 2024-07717|

**[\*1]In the Matter of Tomas Espinosa, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner,**

**Tomas Espinosa (OCA Atty. Reg. No. 2060358), Respondent.**

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tomas Espinosa, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 14, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Gina M. Patterson, of counsel), for petitioner.

Respondent, pro se.

Per Curiam

Motion No. 2024-06355 — March 31, 2025

*In the Matter of Tomas Espinosa, an attorney*

Per Curiam

Respondent Tomas Espinosa was admitted to the practice of law in the State of New York by the Appellate Division, First Judicial Department on April 14, 1986. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). Respondent was also admitted to the Bar of New Jersey on December 23, 1985, and at all times relevant to this proceeding, he maintained a law office in New Jersey.

On or about October 30, 2018, the Office of Attorney Ethics for the State of New Jersey (OAE) filed a complaint seeking disciplinary action against respondent. The seven-count complaint charged respondent with more than 40 violations of the New Jersey Rules of Professional Conduct (NJRPC). The OAE proceedings arose from two grievances filed by respondent's clients related to his representation of them in two multi-plaintiff lawsuits

against several banks alleging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act in connection with mortgage foreclosures. Respondent represented dozens of disadvantaged clients facing foreclosure in the sprawling RICO actions, and during the course of litigation, he committed numerous ethical violations, including improperly sharing legal fees with a non-lawyer who was also a client in the case, continuing misguided litigation even after there was no chance of success, charging excessive or unreasonable fees, engaging in conflicts of interest, and paying his wife for paralegal services out of the litigation fund. Respondent filed an answer on or about April 30, 2019 in which he admitted to some of the factual allegations raised in the OAE's complaint and denied others.

On or about January 14, 2020, a hearing was commenced before a Special Ethics Master, where staff counsel appeared on behalf of the OAE and respondent appeared pro se. The hearing concluded on April 30, 2021 due to delays attributed to the COVID-19 pandemic. In a report dated April 19, 2022, the Special Master, after reviewing the testimony and evidence presented at the hearing, concluded that respondent's actions constituted unethical conduct, determined that respondent had violated several provisions of the NJRPC, and recommended that respondent be suspended from the practice of law for a period of two years. By letter dated May 5, 2023, the OAE advised the Disciplinary Review Board of the Supreme Court of New Jersey [*2](DRB) that the hearing transcript contained several deficiencies, and as requested, the Special Master issued a supplemental report on or about May 26, 2023 that made corrections to the April 19, 2022 report but left the prior disciplinary recommendations unchanged. In recommending an appropriate sanction, the Special Master noted that although respondent did not have a prior disciplinary history, his unethical conduct.related to the RICO matters was "abundant" and "egregious" and his conduct toward both OAE counsel and the Special Master during the hearing was "outrageous" at times. Given respondent's many ethical violations, the Special Master recommended that respondent be suspended for a period of two years.

On October 31, 2023, the DRB issued a decision unanimously determining that respondent violated the NJRPC. However, the DRB declined to adopt all of the Special Master's findings, dismissing charges that respondent violated NJRPC rules 1.2 (a), 1.4 (a), 5.4 (a), 7.1 (a), and 8.4 (d). The DRB found that respondent violated 22 distinct provisions of the NJRPC. The DRB also noted that it had been unable to reach a consensus among its six participating members about whether respondent knowingly misappropriated client funds in violation of NJRPC rule 1.15 (a). Thus, the DRB could not agree on the appropriate sanction to impose. Three DRB members found that respondent knowingly misappropriated client funds and voted to recommend that he be disbarred. The remaining

three members concluded that the OAE had not established by clear and convincing evidence that respondent knowingly misappropriated client funds and voted to recommend the imposition of a three-year suspension.

By order dated July 22, 2024, the Supreme Court of New Jersey, upon a review of the DRB's split decision, declined to find on the record before it that respondent knowingly misappropriated client funds. The court otherwise affirmed the DRB's misconduct findings and ordered that respondent be suspended for a period of three years and until further order of the court, effective August 21, 2024.

The AGC now seeks an order from this Court, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 1240.13, suspending respondent from the practice of law in New York for three years, predicated upon the discipline ordered by the Supreme Court of New Jersey, or, alternatively, sanctioning respondent as this Court deems appropriate and granting such other and further relief as is just and proper.

"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (*Matter of Milara*, 194 AD3d 108, 110 [1st Dept 2021]).

None of the enumerated defenses can prevail here. First, respondent [*3]received both notice and an opportunity to be heard, as the OAE served him with a complaint for disciplinary action, a hearing was subsequently held before the Special Master upon notice to respondent, a report with a recommendation for discipline was afterward served on respondent, and, finally, the Supreme Court of New Jersey entered its order suspending respondent based on those findings of fact and recommendations. Respondent availed himself of the opportunity to be heard, vigorously defending himself at the Special Master's hearing, during the DRB's oral arguments, and before the Supreme Court of New Jersey. Second, a review of the record establishes that, contrary to respondent's assertions otherwise, there was no infirmity of proof. The differences between the misconduct findings of the Special Master, the DRB, and the Supreme Court of New Jersey do not constitute an infirmity of proof, particularly where, as here, the record contains extensive factual findings, including violations of more than 20 provisions of the NJRPC. Third, the misconduct for which respondent was disciplined in New Jersey constitutes violations of parallel disciplinary provisions in New York, specifically Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4, 1.5, 1.7, 1.8, 1.9, 1.15 (a), 1.15 (d), 1.16, 5.3, 5.4, 7.2, 7.3, 8.4 (a), and 8.4 (c). Respondent's contentions that there was an infirmity of proof and a lack of

uniform standards for the imposition of sanctions in New Jersey that amounted to a violation of due process are unavailing. Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.

With respect to the sanction, in reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (*Matter of Blumenthal*, 165 AD3d 85, 86 [1st Dept 2018], citing *Matter of Jaffe*, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (*Matter of Tustaniwsky*, 204 AD3d 162, 165 [1st Dept 2022]).

Thus, a three-year suspension, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed in New Jersey and generally accords with this Court's precedent in cases involving comparable misconduct (*see Matter of Geller*, 218 AD3d 55 [1st Dept 2023]; *Matter of Kachroo*, 180 AD3d 183 [1st Dept 2020], *lv denied* 35 NY3d 917 [2020]; *Matter of Yamada*, 197 AD2d 235 [1st Dept 1994], *lv denied* 83 NY2d 761 [1994]; *Matter of Javitz*, 88 AD2d 303 [1st Dept 1982]).

This Court declines respondent's request to impose his suspension retroactively from the effective date of the suspension imposed in New Jersey, given that an interim suspension was not imposed in this matter, there was no procedural delay [*4]by the AGC or this Court in imposing discipline, and respondent did not indicate that he voluntarily ceased practicing law under his New York license in anticipation of this reciprocal disciplinary proceeding (*cf. Matter of Peters*, 127 AD3d 103 [1st Dept 2015]; *Matter of Filosa*, 112 AD3d 162 [1st Dept 2013]; *Matter of Gilly*, 110 AD3d 164 [1st Dept 2013]).

Accordingly, the AGC's motion should be granted and respondent should be suspended from the practice of law for a period of three years, effective 30 days from the date of this order, and until further order of this Court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, Tomas Espinosa, is granted, and respondent is suspended from the practice of law for a period of three years, effective 30 days from the date of this order, and until further order of this Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Tomas Espinosa, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, respondent, Tomas Espinosa, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Tomas Espinosa, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.

Entered: May 20, 2025

Some case metadata and case summaries were written with the help of AI, which can produce inaccuracies. You should read the full case before relying on it for legal research purposes.

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

MAS ESPINOSA
24 W 35 ST STC 506
New York NY 10001



TO:

Hon. Judge Jeannette Vargas
500 Pearl St.
New York NY 10007

# ABBAS TAGHABITALAB

58 WEST 38TH STREET
NEW YORK, N.Y. 10018
TEL: (212) 944-0990 / CELL: (917) 575-1852
EMAIL: Abby@Bstro38.com

January 16, 2025

**Case Number: 1:24-cv-01237-JAV**

*Case Name: Hugo Lopez vs. Carib, Inc & Abbas Taghavitalab*

I, Abbas Taghavitalab, individual defendant and the principal and only shareholder of

Defendant Carib, Inc., hereby certify and affirm as follows:

That I fully consent to the withdrawal and removal of my current attorney of record from

representation in this case Tomas Espinosa. I understand and acknowledge my right to

retain new counsel of my choosing, and I am making this decision voluntarily and without

any undue influence or coercion. I also hereby testify that effective immediately, I have

started the process of retaining new counsel since I am deeply vested in litigating this case

to its fullest in order to avoid further abuse of my persona and my business by the law firm

representing the plaintiffs.

I hereby ask your Honor, Juge Vargas to grant me the time needed to retain new counsel.

I certify and affirm under penalty of perjury that the foregoing statements made by me are

true, I am aware that if any of the foregoing statements made by me is willfully false, I am

subject to punishment.

Dated: January 20, 2026

Abbas Taghavitalab, individually and as principal of defendants.

Align top of FedEx® shipping label here.



**Envelope**



Recycle me.

ATTN:
HON. JEANNETTE VARGAS
500 Pearl St.
NY NY 12001

FROM: TOMAS ESPINOSA
224 W 35th ST #506
NY NY 10001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                     :

In the Matter of                         :
                                     :

TOMAS ESPINOSA,               :           M-2-238
                                     :           <u>ORDER</u>
                     Respondent.     :
-------------------------------------------------------X

**BEFORE THE COMMITTEE ON GRIEVANCES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK[1]**

On July 22, 2024, the Supreme Court of the State of New Jersey issued an order suspending Respondent from the practice of law in the State of New Jersey for a period of three (3) years, commencing August 21, 2024 (the "NJ Order," copy attached hereto).

Accordingly, unless Respondent files under seal with the Sealed Records Clerk, by no later than twenty (20) days from the date hereof, a written response showing why he should not be suspended from the roll of practicing attorneys of this Court pursuant to Local Rule 1.5(d)(1), it is hereby ordered that, effective twenty-four (24) days from the date hereof, Tomas Espinosa is suspended from the roll of practicing attorneys of this Court for a period of three years, *nunc pro tunc* to August 21, 2024, and continuing until further order of this Court.

A courtesy copy of any submission must be mailed directly to the Honorable Katherine Polk Failla, Chair of the Committee on Grievances, and

---

[1] The members of the Committee are District Judge Katherine Polk Failla, Chair; Chief Judge Laura Taylor Swain; District Judges P. Kevin Castel; John P. Cronan; Colleen McMahon; Edgardo Ramos; Jennifer H. Rearden; Louis L. Stanton; Mary Kay Vyskocil; and Jeannette Vargas; Magistrate Judges Stewart D. Aaron, Andrew Krause, Judith C. McCarthy, and Henry J. Ricardo.

emailed to Julie A. Allsman, Counsel to the Committee on Grievances, at
julie_allsman@nysd.uscourts.gov.

Dated: December 2, 2025
       New York, New York

                                SO ORDERED.

                                _____
                                KATHERINE POLK FAILLA
                                Chair, Committee on Grievances S.D.N.Y.

2

FILED, Clerk of the Supreme Court, 22 Jul 2024, 088767

**SUPREME COURT OF NEW JERSEY**
**D-32 September Term 2023**
**088767**

**In the Matter of**             :

**Tomas Espinosa**               :

                                           **O R D E R**

**An Attorney at Law**           :

**(Attorney No. 025691985)**     :


The Disciplinary Review Board having filed with the Court its decision in DRB 23-116, recommending that **Tomas Espinosa** of **North Bergen**, who was admitted to the bar of this State in 1985, should be disciplined for violating RPC 1.4(b) (failing to keep a client reasonably informed about the status of a matter and to comply with reasonable requests for information) (two instances), RPC 1.4(c) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), RPC 1.5(a) (failing to charge a reasonable fee) (two instances), RPC 1.5(c) (failing to set forth in writing whether expenses would be deducted before or after the contingent fee is calculated), RPC 1.7(a)(2) and (b) (engaging in a concurrent conflict of interest) (three instances), RPC 1.8(a) (engaging in an improper business transaction with a client), RPC 1.8(f)

1

FILED, Clerk of the Supreme Court, 22 Jul 2024, 088767

(accepting compensation for representing a client from a source other than the client without the client's informed consent), RPC 1.9(a) (engaging in a conflict of interest with a former client), RPC 1.9(c)(1) (using information relating to a former representation to the disadvantage of the former client), RPC 1.15(a) (negligently misappropriating client funds), RPC 1.15(d) (failing to comply with the recordkeeping provisions of Rule 1:21-6), RPC 1.16(a)(1) (failing to withdraw from a representation if it will result in a violation of the Rules of Professional Conduct or other law), RPC 1.16(d) (failing to refund an unearned portion of the fee upon termination of representation) (two instances), RPC 5.3(a) and (b) (failing to supervise nonlawyer staff), RPC 5.4(c) (permitting a person who recommends, employs, or pays the attorney to render legal services for another to direct or regulate the attorney's professional judgment in rendering legal services), RPC 7.2(c) (giving something of value to a person for recommending the lawyer's services), RPC 7.3(d) (compensating or giving anything of value to a person or organization for recommending or securing the lawyer's services), RPC 8.1(a) (knowingly make a false statement of material fact in a disciplinary matter), RPC 8.4(a) (violating or attempting to violate the Rules of Professional Conduct) (three instances), and RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) (two instances);

**FILED,** Clerk of the Supreme Court, 22 Jul 2024, **088767**

And the members of the Disciplinary Review Board having split with regard to the appropriate quantum of discipline and whether respondent knowingly misappropriated client funds in violation of RPC 1.15(a) and the principles of In re Wilson, 81 N.J. 451 (1979), and In re Hollendonner, 102 N.J. 21 (1985);

And the Court having determined on its own motion pursuant to Rule 1:20-16(b) to review the decision of the Disciplinary Review Board;

And respondent having been ordered to show cause why respondent should not be disbarred or otherwise disciplined;

And the Court having declined to find on this record knowing misappropriation;

And the Court having determined that a three-year suspension is the appropriate quantum of discipline;

And good cause appearing;

It is ORDERED that **Tomas Espinosa** is suspended from the practice of law for a period of three years, and until further order of the Court, effective August 21, 2024; and it is further

ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to

3

FILED, Clerk of the Supreme Court, 22 Jul 2024, 088767

comply with the Affidavit of Compliance requirement of <u>Rule</u> 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to <u>Rule</u> 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in <u>Rule</u> 1:20-17.

WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 22nd day of July, 2024.

**CLERK OF THE SUPREME COURT**

4